```
              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     Alexandria Division
```

TAWANA JEAN COOPER,            )
                               )
    Plaintiff,                 )
                               )
                               )
        v.                     )  Civil Action No. 1:16cv547
                               )
FEDEX GROUND PACKAGE SYSTEM,   )
INC.,                          )
                               )
    Defendant.                 )
                               )

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Defendant's Third Motion for Sanctions under Rule 37(b) (Dkt. 62.) Upon consideration of the pleadings, the undersigned makes the following recommendation for dismissal pursuant to 28 U.S.C. §636(b)(1)(B).

## PROCEDURAL HISTORY

Plaintiff, proceeding pro se, filed a Complaint in this action on May 17, 2016, alleging "sex discrimination and retaliation, unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e et seq. ("Title VII")" against Defendant FedEx Ground Package System, Inc. (Dkt. 1.) On May 31, 2016, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Dkt. 3.)

1

On October 21, 2016, defendant filed a Motion for Protective Order and to Compel Responses to Discovery Requests and to Compel Plaintiff's Deposition. (Dkt. 18.) Defendant stated in its motion that plaintiff failed to respond to defendant's discovery requests and multiple requests to resolve the dispute were to no avail. (Id.) At the hearing on October 28, 2016, the undersigned granted defendant's motion and ordered plaintiff to provide discovery responses to defendant and to communicate with defense counsel to set a date for plaintiff's deposition by November 4, 2016. (Dkt. 27.) Then, on November 7, 2016, defendant filed an Emergency Motion for Sanctions under Rule 37(b). (Dkt. 28.) Defendant stated that plaintiff was in direct violation of the Court's October 28, 2106 Order for failing to respond to defendant's discovery requests and for failing to provide available dates for her deposition. (Id.) On November 9, 2016, Plaintiff filed an Emergency Motion to Compel and for Sanctions. (Dkt. 33.) The Court took the matter under consideration and entered an order on November 15, 2016. (Dkt. 38.) The Court's November 15, 2016 order found most if not all of plaintiff's interrogatories were improper and not relevant to the claims and defenses in the case and therefore denied plaintiff's emergency motion. (Id.) The Court also found plaintiff in violation of the October 28, 2016 order and granted defendant's emergency motion. (Id.) Plaintiff was ordered to

provide complete discovery responses to defendant by November 22, 2016 and defendant was to provide the date, time, and place of plaintiff's deposition upon receipt of which the Court would enter an order. (Id.)

On November 17, 2016, plaintiff failed to appear for the final pretrial conference before the Honorable James C. Cacheris. (Dkt. 46.) That same day, the Court ordered plaintiff to appear for deposition on December 6, 2016 at the law offices of BrigliaHundley, P.C. and warned plaintiff that failure to comply with the order may result in sanctions. (Dkt. 48.)

On November 22, 2016, defendant filed its second Motion for Sanctions under Rule 37(b) stating that plaintiff again defied an order issued by the Court to provide complete discovery responses to defendant. (Dkt. 49.) Plaintiff filed a Motion for Sanctions under Rule 37(b) on November 29, 2016. (Dkt. 56.) The Court took the matter under advisement and issued an order on December 2, 2016. (Dkt. 61.) The Court found plaintiff should have amended her written responses to discovery and provided documentation to defendant's requests. (Id.) The Court granted defendant's second motion for sanctions and ordered plaintiff to amend her written responses and provide all responsive documents in her possession or control by December 8, 2016 with the warning that no additional chances will be given to so comply or sanctions would be imposed. (Id.) Plaintiff's motion for

3

sanctions was denied as it was virtually identical to plaintiff's prior motion to compel which the Court denied. (Id.)

On December 9, 2016, defendant filed its third Motion for Sanctions under Rule 37(b) stating that plaintiff had not complied with the Court's orders as she had not amended her written responses to interrogatories, nor had she provided defendant with documents, and she failed to appear for her court ordered deposition on December 6, 2016. (Dkt. 62.) Plaintiff filed her second Motion for Sanctions under Rule 37(b) on December 12, 2016. (Dkt. 65.)

On December 16, 2016, the Court found plaintiff continued to not fully comply with the rules of discovery. Therefore, the Court granted defendant's Third Motion for Sanctions and prohibited plaintiff from entering evidence or presenting witnesses at trial. (Dkt. 73.) The Court also ordered plaintiff to pay the fees and costs incurred from plaintiff's failure to appear for her deposition on December 6, 2016. (Id.) Plaintiff's Second Motion for Sanctions was denied as virtually identical to plaintiff's prior motion for sanctions which the Court denied. (Id.)

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) if a party fails to obey an order to provide or permit discovery, the Court where the action is pending may dismiss the action in whole. Fed. R. Civ. P 37(b)(2)(A)(v). Additionally, Federal Rule of Civil Procedure 37(d) permits the Court to order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P 37(d)(1)(A)(i).

The plaintiff in this case has been given many chances to conform to the Federal Rules of Civil Procedure but instead has twice defied orders to comply with discovery requests and, in addition, violated the court's order directing her to appear for deposition on December 6, 2016. It is evident that plaintiff has no intention of complying with discovery as ordered.

## RECOMMENDATION

For the reasons outlined above, the undersigned recommends that plaintiff's Complaint against defendant be dismissed pursuant to Federal Rule of Civil Procedure 37.

NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

Tawana Jean Cooper
6920 Braddock Road #B175
Annandale, Virginia 22003

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

December ___, 2016
Alexandria, Virginia