IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

TAWANA JEAN COOPER,            )
                               )
      Plaintiff,               )
                               )
           v.                  )      1:16cv547(JCC/TCB)
                               )
FEDEX GROUND PACKAGE SYSTEM,   )
INC.,                          )
                               )
      Defendant.               )

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff Tawana Jean Cooper's Objections under Federal Rule of Civil Procedure 72 regarding orders entered by U.S. Magistrate Judge Theresa Buchanan [Dkts. 32, 54, 68, 75, 76].  Also before the Court is Judge Buchanan's Report and Recommendations [Dkt. 74], which recommends that the Court dismiss this case due to Plaintiff's failure to meet her discovery obligations.  For the reasons that follow, the Court will overrule Plaintiff's Objections, adopt Judge Buchanan's Report and Recommendations, and dismiss Plaintiff's Complaint with prejudice.

### I. Background

Plaintiff is a former employee of Defendant FedEx Ground Package System, Inc.  The chain of events giving rise to this suit began when one of Plaintiff's coworkers criticized her

work performance in a manner that she deemed "intentionally hurtful, spiteful, and cruel, and extremely disrespectful and indecorous."  Compl. [Dkt. 1] ¶ 16.  This ultimately led to Plaintiff lodging a series of complaints that she believed were not taken seriously due to her gender.  After a number of confrontations with her superiors regarding her complaints and a complaint lodged by a coworker against her, Plaintiff was terminated.  On May 17, 2016, Plaintiff filed suit *pro se* against Defendant alleging violations of Title VII.

## II. Legal Standard

Federal Rule of Civil Procedure 72(a) authorizes magistrate judges to enter final orders on non-dispositive pretrial matters. If a party objects to a magistrate judge's ruling on a non-dispositive matter, a district court judge may set it aside if it is "clearly erroneous or contrary to law." *Id.*; *FEC v. Christian Coalition*, 178 F.R.D. 456, 459 (E.D. Va. 1998).  This standard is deferential, and the magistrate judge's ruling will be affirmed unless the entire record leaves the Court with "the definite and firm conviction that a mistake has been committed."  *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985).  Pursuant to Federal Rule of Civil Procedure 72(b), when a magistrate judge issues a Report and Recommendations on a dispositive matter, the district court reviews it *de novo*.

In evaluating Plaintiff's Objections, the Court is mindful that Plaintiff is proceeding in this matter *pro se*. Be that as it may, "[a]lthough *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N. Carolina at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F .2d 93, 96 (4th Cir.1989)).

### III. Analysis

Plaintiff objects to virtually every Order entered by Judge Buchanan in the course of these proceedings, as well as Judge Buchanan's Report and Recommendations. As the merits of Plaintiff's various Rule 72 Objections turn on the procedural history of this case, the Court discusses both together.

### A. Defendant's First Motion to Compel and Plaintiff's First Objection

This saga began in earnest on October 21, 2016, when Defendant filed a Motion for Protective Order and to Compel [Dkt. 18]. At the time, both parties had propounded discovery requests, and Defendant had asked that a protective order be entered before turning over proprietary business information. Plaintiff refused to consent to a protective order, claiming

that she intended to publicize materials received in discovery through a book and blog.  Plaintiff further refused to provide any responses to Defendant's discovery requests or schedule her own deposition until Defendant turned over its sensitive materials "[a]nd not a moment sooner."  Opp. [Dkt. 24] at 6.  Defendant's Motion sought the entry of what, in most cases, would have been a stipulated protective order, and to compel Plaintiff's discovery responses.

On October 28, 2016, Judge Buchanan held a hearing and granted Defendant's Motion.  Judge Buchanan thereafter entered an Order [Dkt. 27] instating Defendant's requested protective order, requiring Plaintiff to submit her discovery responses within a week, and further requiring Plaintiff to cooperate with Defendant to schedule her own deposition.

Plaintiff filed a Rule 72(a) Objection [Dkt. 32] to Judge Buchanan's Order on November 7, 2016.  In it, Plaintiff argues first that Defendant did not show good cause for a protective order.  In light of the sensitive business documents requested by Plaintiff, *see* Mem. in Supp. of Mot. [Dkt. 19] at 4, the Court concurs with Judge Buchanan's finding that good cause existed for the protective order.  *See, e.g.*, *Sheets v. Caliber Home Loans, Inc.*, No. 3:15-CV-72 (GROH), 2015 WL 7756156, at *5 (N.D.W. Va. Dec. 1, 2015).  As Judge Buchanan noted, Plaintiff remained free to contest the designation of

4

specific documents she believed to be improperly designated as confidential.

Plaintiff argues further that the protective order violated her rights under the First Amendment.  As Plaintiff acknowledges in her Objection, however, "a protective order [that is] entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, . . . does not offend the First Amendment."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984).  Such is the case here.

Plaintiff further objects to Judge Buchanan's Order insofar as it required that she provide discovery responses and schedule her own deposition.  Plaintiff argues that she should not have been required to do so until Defendant provided its own discovery responses.  Plaintiff, however, is incorrect that her own discovery obligations are or have at any point been contingent upon Defendant's performance of *its* discovery obligations.  Moreover, as Judge Buchanan noted, Defendant had reasonably withheld sensitive materials pending the entry of a protective order and agreed to turn them over once the order was entered.  Plaintiff, on the other hand, had no comparable reason to withhold discovery responses.  Judge Buchanan therefore

rightly ordered Plaintiff to abide by her own discovery obligations.

Finally, Plaintiff argues that Judge Buchanan's Order should be set aside because Judge Buchanan "discriminated against Plaintiff" and struck a "disrespectful, hostile, aggressive, and authoritarian" tone during the hearing on this matter.  Having reviewed the recording of the hearing, however, the Court finds that it was in fact Plaintiff who acted in a disrespectful, hostile, and aggressive manner:

> **Judge Buchanan:** What about your answers?
> **Plaintiff:** I will give them my responses when they give me their responses.
> **Judge Buchanan:** That's not the way it works.  If their responses – their responses are going to be given to you now.  But yours are overdue.
> **Plaintiff:** *Theirs* is overdue.
> **Judge Buchanan:** I understand that, but you wouldn't sign a protective order.  They're I'm sure going to file their responses or give you their responses promptly.  When are they going to be provided?
> **Defendant's Counsel:** Oh yeah, definitely within a week your honor.
> **Judge Buchan:** OK. So I assume that you can provide your responses within a week as well, not waiting for them, but by next Friday.
> **Plaintiff:** Absolutely not.
> **Judge Buchanan:** Why?
> **Plaintiff:** Because, I gave them my –
> **Judge Buchanan:** Ma'am, OK, I'm not going to repeat this –
> **Plaintiff:** OK, OK.
> **Judge Buchanan:** You have to produce your discovery –
> **Plaintiff:** Well I'm not going to do it.

**Judge Buchanan:** – responses.  You did not bring a motion to compel.

**Plaintiff:** Yes I, well I answered them –

**Judge Buchanan:** No you didn't, you opposed their motion.

**Plaintiff:** OK well I take exception and I will appeal your Order.

**Judge Buchanan:** Go right ahead.

**Plaintiff:** I will.

**Judge Buchanan:** You have to produce your discovery responses by next Friday. I'm sure that they will produce them by then as well, but you have to produce yours by next Friday, period.

**Plaintiff:** Well I'm not going to do it.

**Judge Buchanan:** Well, I hope you do because I'd hate to sanction you, which is what's going to happen if you don't produce them by next Friday.

**Plaintiff:** I will not do it I'm letting you know that right now, I am not going to do it.

**Judge Buchanan:** Ma'am, why would you not do it?

**Plaintiff:** I have already explained that in my opposition.  Now, if you don't want to be fair and impartial to me –

**Judge Buchanan:** Ma'am . . .

**Plaintiff:** – which you are not being fair and impartial then there is nothing I can do about that. I have the right to appeal your decision –

**Judge Buchanan:** Absolutely –

**Plaintiff:** – and I will do that.

**Judge Buchanan:** – you have the right –

**Plaintiff:** And I take exception –

**Judge Buchanan:** Ma'am I'm just –

**Plaintiff:** – and I object.

**Judge Buchanan:** – warning you here.

**Plaintiff:** I understand and I accept your warning but I'm not going to do it.

Hearing Audio (Oct. 28, 2016) at 10:31:38.  Thus began a pattern of open disregard for the Court's authority.

### B. The Parties' First Cross Motions for Sanctions and Plaintiff's Second Objection

On November 7, 2016, Defendant filed an Emergency Motion for Sanctions [Dkt. 28].  Defendant contended that it had, consistent with its representations to Judge Buchanan at the prior hearing, produced to Plaintiff all of its outstanding discovery responses.  Plaintiff, on the other hand, still refused to produce anything or schedule her own deposition.  Responding to Defendant's Motion, Plaintiff justified her continued reticence by claiming that Defendant's discovery production had been inadequate:

> In its big time **EMERGENCY** Motion for Sanctions against Plaintiff, FedEx Ground stated that it delivered its discovery responses to Plaintiff. **This is not true**. FedEx Ground **did not** deliver its discovery responses to Plaintiff. Instead, on or about November 2, 2016, FedEx Ground delivered to Plaintiff what amounted to nothing but a bunch of **TRASH** documents.

Opp. [Dkt. 40] at 8.  Plaintiff also took issue with Defendant's refusal to correlate its document production to her various interrogatories, contending that Judge Buchanan had ordered Defendant to respond to Plaintiff's discovery requests without objection at the previous hearing.  The Court assumes Plaintiff to be referring to the following exchange:

> **Judge Buchanan (to Plaintiff):** They're I'm sure going to file their responses or give you their responses promptly.  When are they going to be provided?

> **Defendant's Counsel:** Oh yeah, definitely within a week your honor.
> **Judge Buchan:** OK.

Judge Buchanan's Order does not mention Defendant's discovery obligations.  Plaintiff then filed her own Motions to Compel [Dkt. 33] and for Sanctions [Dkt. 34], based on Defendant's ostensible failure to comply with Judge Buchanan's prior Order.

On November 15, 2016, Judge Buchanan issued an Order [Dkt. 38] granting Defendant's Motion for Sanctions and denying Plaintiff's Motions to Compel and for Sanctions.  Judge Buchanan found that "most, if not all, of plaintiff's interrogatories [were] improper, and, to a large extent, not relevant to the claims and defenses in this case."  *Id*. at 2.  Judge Buchanan therefore sustained Defendant's objections and held that Defendant would not be required to correlate its production to Plaintiff's interrogatories.  Judge Buchanan found further that Plaintiff had disobeyed the Court's previous Order, as "plaintiff's requirement to provide discovery responses and deposition dates was not dependent upon defendant providing discovery responses that were satisfactory to plaintiff."  *Id*.  Accordingly, Judge Buchanan required Plaintiff to submit her discovery responses within a week and to attend a deposition on a date to be set by the Court.

Plaintiff filed a Rule 72(a) Objection [Dkt. 54] to Judge Buchanan's Order on November 28, 2016.  In it, Plaintiff

contends that Judge Buchanan "willfully turned a blind eye to the clear fact that it was FedEx Ground and not Plaintiff that disobeyed the Magistrate Court's Order." *Id*. at 6.  Judge Buchanan, however, was correct both that her earlier order did not pertain to Defendant's discovery obligations, and that Defendant's objections to Plaintiff's interrogatories were well taken.  Plaintiff's interrogatories were, on their face, largely argumentative, and many assumed facts not in evidence. Plaintiff's Interrogatory 9, for example, read:

> Please explain fully why you neglected to ensure that Demetris would stay away from Plaintiff even though you believed that Demetris might have committed workplace violence against Plaintiff.

Judge Buchanan was further correct that Plaintiff's obligation to produce her discovery responses and comply with the Court's prior Order did not rest on Plaintiff's satisfaction with Defendant's discovery responses.  Moreover, the Court is frankly puzzled that Plaintiff would argue that "it was FedEx Ground and not Plaintiff that disobeyed the Magistrate Court's Order" when Plaintiff admittedly had failed to turn over a single document as ordered.

Plaintiff contends further that Judge Buchanan "acted as **Co-Counsel** for FedEx Ground," and that Judge Buchanan "denied Plaintiff her lawful right to a **fair and impartial Court**" under the Fifth Amendment.  Objection [Dkt. 54] at 6-7.  The Court

disagrees.   Despite the fact that Plaintiff openly defied Judge
Buchanan's prior Order, Judge Buchanan imposed a relatively
minor sanction – one that, more or less, required only that
Plaintiff comply with an Order she had previously disobeyed.
Judge Buchanan would have been justified in imposing a harsher
sanction, particularly in light of the exchange at the October
28, 2016 hearing, during which Judge Buchanan expressly warned
Plaintiff that she would face sanctions if she choose to do
precisely what she ultimately did.

### C. The Parties' Second Round of Cross Motions for Sanctions and Plaintiff's Third Objection

On November 22, 2016, Defendant filed its Second
Motion for Sanctions [Dkt. 49].  Defendant contended that
Plaintiff had, on the deadline set by the Court in its previous
Order, provided a response to Defendant's various discovery
requests.  Plaintiff's response, however, was grossly deficient.
While it did include some relevant documents, Plaintiff's
production failed to address many of Defendant's discovery
requests.  Plaintiff also refused to provide answers to a number
of interrogatories, claiming that the requested information was
"not relevant" or "not applicable" when in fact it was self-
evidently both "relevant" and "applicable."  When these
deficiencies were brought to Plaintiff's attention, she
responded that she would provide nothing further:

> Notwithstanding my appropriate objections, I
> have provided Defendant FedEx Ground Package
> System, Inc. ("FedEx Ground") with all of
> its discovery requests that are in my
> possession on or about yesterday, Wednesday,
> November 16, 2016 pursuant to **THERESA's**
> order filed and dated on or about Tuesday,
> November 15, 2016. I have absolutely NOTHING
> MORE to provide to FedEx Ground regarding
> its discovery requests. **ABSOLUTELY. NOTHING.**
> **MORE.**

Mem. in Supp. of Mot. for Sanctions Exh. C [Dkt. 50-3].

Plaintiff's response to Defendant's Motion was

similarly characterized by bluster and vitriol:

> Well. Well. Well. Here they go again. FedEx
> Ground and its "prodigy" counsel have filed
> yet another crybaby motion for **special**
> **treatment.** Waste the taxpayers' money with
> hollow motions is all that these people know
> how to do. They only do this because they
> know that Judge Buchanan is a judge that
> discriminates against and bullies non-
> attorney Pro Se litigants. However, as
> Plaintiff has made very, very clear many,
> many times she <u>**WILL NOT**</u> be **bullied** out of
> her constitutional rights to a Fair and
> Impartial Court.

Opp. [Dkt. 52] at 3.  Plaintiff did not contend that Defendant's

discovery requests were improper, as Judge Buchanan had

(correctly) found Plaintiff's to be.  Rather, Plaintiff again

took the position that she would comply with her discovery

obligations only to the extent she deemed Defendant to have done

so.  Plaintiff then filed another Motion for Sanctions [Dkt. 56]

that in substance reiterated what she had argued in her prior

Motion for Sanctions.

On December 2, 2016, Judge Buchanan issued an Order [Dkt. 61] again granting Defendant's Motion for Sanctions and denying Plaintiff's Motion for Sanctions.  Judge Buchanan's Order required Plaintiff to supplement her discovery production by December 8, 2016, and warned that "[i]f plaintiff fails to comply with this Order, there will be no additional chances given to so comply and sanctions will be imposed."  *Id*.

On December 12, 2016, Plaintiff filed another Rule 72(a) Objection [Dkt. 68] to Judge Buchanan's Order.  In the Objection, Plaintiff again takes issue with Judge Buchanan's determination that Plaintiff's interrogatories were improper. As discussed above, however, Judge Buchanan's conclusion on this point was well supported.

Plaintiff also argues that Judge Buchanan erred in not requiring Defendant to turn over video footage and audio recordings she claimed Defendant to have in its possession. Defendant, however, claimed that it had turned over all such recordings it possessed.  Judge Buchanan credited this representation, and the Court has before it no reason to second guess Judge Buchanan's decision.

Finally, Plaintiff repeats her claim that she cannot be sanctioned for "behaving in the _exact same manner_ as" Defendant.  Objection [Dkt. 68] at 5.  This again reflects Plaintiff's fundamental misapprehension regarding her discovery

obligations.   The requirement that Plaintiff comply with the Federal Rules of Civil Procedure and this Court's discovery orders is in no way contingent upon her belief that Defendant has done so.

### D. The Parties' Third Round of Cross Motions for Sanctions and Plaintiff's Fourth Objection

Defendant filed its Third Motion for Sanctions [Dkt. 62] on December 9, 2016.   It reported that Plaintiff had again refused to comply with Judge Buchanan's Order, missing the deadline to submit her supplemental discovery and skipping her Court-ordered deposition.   *See* Order [Dkt. 48].   Rather than comply, Plaintiff continued to respond to Defendant's inquiries with acerbic emails that she must have assumed would be brought to the Court's attention, as her previous emails had been:

> FedEx Ground and its "prodigy" counsel have received **SPECIAL TREATMENT** from **THERESA** yet again. . . .
> Is this the point at which I am to be nervous or afraid or, or, or? (with a smile)
> I know. I got it. This is the point at which I am supposed to be **SHAKING IN MY BOOTS!** (with a smile)
> Well, I'm. [sic] So, that's not it either! (with a smile)

Mem. in Supp. of Mot. for Sanctions Exh. A [Dkt. 63-1].   In response to Defendant's Motion, Plaintiff simply reiterated her earlier argument that she had "**clearly complied with Judge Buchanan's Orders in the <u>exact same manner</u> that FedEx Ground has complied with Judge Buchanan's Orders**."   Opp. [Dkt. 70] at 4.

14

Plaintiff also escalated her attacks on opposing counsel and the Court:

> 2. Instead of working with Plaintiff in her good faith effort to resolve the instant discovery disputes, FedEx Ground insists on making and filing **"crybaby" meritless** motions for **special treatment** because FedEx Ground knows that **Judge Buchanan** is the type of judge that discriminates and bullies non-attorney Pro Se litigants.

> 3. Throughout Plaintiff's action, FedEx Ground has grown accustomed to Judge Buchanan's blatant willful discrimination against and bullying of Plaintiff.

> 4. Although Judge Buchanan had made a very poor attempt to **LIE** by omitting material and pertinent facts in her Order dated and filed on or about November 15, 2016 (ECF No. 38, page 1, ¶1) when she said ". . . *defendant indicated that it could provide its discovery responses to plaintiff by November 2, 2016* . . ." the **TRUTH** is that on or about October 28, 2016, Judge Buchanan had **ORDERED** FedEx Ground to respond to Plaintiff's discovery requests, and for Plaintiff to respond to FedEx Ground's discovery requests.

*Id.* at 2. Plaintiff claimed to be "**INSULTED** by th[e] **outlandish LIE**" that she had "refused a deposition," *id.* at 4, but did not deny or explain skipping the deposition ordered by the Court. Moreover, while Plaintiff again reiterated that she had given Defendant everything she had to which Defendant was entitled in discovery – a claim that, given the documents sought, the Court finds dubious – she did not elaborate on this claim or explain

why she had not, at the very least, amended her written answers
to Defendant's interrogatories as ordered.

Plaintiff then filed another Motion for Sanctions
[Dkt. 65], which in substance again only reiterated arguments
previously rejected by the Court.  The only appreciable
difference was the insinuation that Judge Buchanan conspired
with Defendant to keep Plaintiff from obtaining crucial
evidence.  *See* Mem. in Supp. of Mot. [Dkt. 66] at 4.

On December 16, 2016, Judge Buchanan entered another
Order [Dkt. 73] again granting Defendant's Motion for Sanctions
and denying Plaintiff's Motion.  This time, however, the
sanctions entailed more than simple compliance with previous
Court orders.  Finding that Plaintiff had again disobeyed a
lawful Court Order and deprived Defendant of a meaningful
opportunity for discovery, Judge Buchanan prohibited Plaintiff
from entering evidence or presenting witnesses at trial.  The
Order further assessed against Plaintiff $2,571.93 – the cost of
the Court-ordered deposition Plaintiff had skipped.

On December 30, 2016, Plaintiff filed another Rule
72(a) Objection [Dkt. 75] to Judge Buchanan's prior Order.  In
it, she largely reiterates arguments discussed and rejected
above, and particularly her claim that she cannot be sanctioned
because "Plaintiff has clearly complied with the Magistrate
Court's Order in the **exact same manner** that FedEx Ground has

16

complied with the Magistrate Court's Order." *Id.* at 3.  For the
reasons discussed above, this Objection is meritless.

### E. Judge Buchanan's Report and Recommendations and Plaintiff's Fifth Objection

On December 16, 2016, the same day Judge Buchanan
issued the Order barring Plaintiff from introducing evidence and
witnesses at trial, Judge Buchanan also issued a Report and
Recommendations [Dkt. 74].  In it, Judge Buchanan recounts the
events discussed above and concludes that Plaintiff does not
intend to comply with her discovery obligations or Court orders.
Judge Buchanan therefore recommends dismissing this action
pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v),
which expressly permits the Court to "dismiss[ ] the action or
proceeding in whole or in part" where a party disobeys discovery
orders.

Plaintiff filed a Rule 72(b) Objection [Dkt. 76] to
the Report and Recommendations on December 30, 2016.  The
Objection repeats Plaintiff's refrain that "Plaintiff clearly
had complied with Judge Buchanan's Order in the exact same
manner that FedEx Ground had complied with Judge Buchanan's
Order." *Id.* at 5.  Much of the Objection appears copied-and-
pasted from Plaintiff's earlier filings, rehashing arguments
already discussed and rejected above.  The primary difference is
Plaintiff's further escalation of her attacks on Judge Buchanan:

17

> How lucky for FedEx Ground to get a judge
> like Judge Buchanan assigned to this matter.
> A judge who would discriminate against and
> bully Plaintiff: a non-attorney Pro Se
> party. A judge that is willing to unlawfully
> withhold inculpatory evidence from Plaintiff
> so that she cannot prosecute her claim. A
> judge willing to protect FedEx Ground from
> losing a lawsuit it clearly cannot win.

*Id.* at 6.  Plaintiff's Objection concludes with the claim that

Judge Buchanan's rulings have been so unfair as to deprive

Plaintiff of her "fundamental right to redress her grievances in

a Court of law and . . . [her] due process right to a Fair and

Impartial Court."  *Id.*

The Court disagrees.  Rather, the Court finds that

Judge Buchanan exhibited the patience of a saint in the face of

an intransigent litigant.  Judge Buchanan is to be commended for

her measured response to Plaintiff's actions.

The Court is mindful that it is difficult to litigate

a case *pro se*.  It may sometimes be particularly challenging for

a *pro se* litigant to follow the rules of discovery.  Rather than

attempt to understand and abide by those rules, however,

Plaintiff dug in her heels and lashed out at both the Court and

opposing counsel.  In doing so, she derailed these proceedings.

It is now too late to set this case back on course.

What's more, this state of affairs is not the result

of an innocent mistake, or even a series of such mistakes.

Rather, Plaintiff's actions evince clear disregard for the

Court's authority.  Plaintiff has purposely and repeatedly refused to do what the Court ordered her to do.  Based on the tenor of Plaintiff's various filings, as well as her communications with opposing counsel, Plaintiff appears to have acted out of spite towards those she believed to have wronged her.

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37," requiring that the court "determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

For the reasons discussed above, the Court easily concludes that Plaintiff acted in bad faith.  As a result of Plaintiff's misconduct, Defendant was not able to take any meaningful discovery.  Defendant was therefore highly prejudiced in its ability to defend this case.  There is a great need to deter such misconduct, as flagrant disregard of court orders undermines the effectiveness of the court system.  That system depends on litigants complying with court orders, whether or not

they think the orders fair.  *See, e.g., Dancy*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2.

Finally, for the reasons discussed above – and particularly at this point in the case – the Court concurs with Judge Buchanan and finds that no sanction short of dismissal will suffice.  *Cf. Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam) (affirming dismissal under Rule 37 where the plaintiff, in bad faith, delayed interrogatory responses and ultimately provided inadequate responses); *Hastings v. Mar. Overseas Corp.*, 411 F.2d 1201, 1202 (3d Cir. 1969) (per curiam) (affirming dismissal under Rule 37 where the plaintiff failed to appear for his deposition or answer interrogatories); *Abebe v. Carter*, No. 5:11-CV-2750-RMG, 2014 WL 12526347, at *2 (D.S.C. July 30, 2014), *aff'd sub nom. Abebe v. Green*, 589 F. App'x 102 (4th Cir. 2014) (dismissing a case with prejudice under Rule 37 where the plaintiff violated a Court order by refusing to "meaningfully participate in [his] deposition"); *Jones v. Wal-Mart*, No. 8:10-CV-988-JMC-JDA, 2011 WL 7445488, at *7 (D.S.C. Oct. 28, 2011), *report and recommendation adopted*, No. 8:10-CV-00988-JMC, 2012 WL 684028 (D.S.C. Mar. 2, 2012), *aff'd*, 473 F. App'x 333 (4th Cir. 2012) (dismissing a case with prejudice where the plaintiff refused to comply with a court order compelling the production of documents).

**IV. Conclusion**

For the above reasons, the Court will overrule Plaintiff's Objections to Judge Buchanan's Orders [Dkts. 32, 54, 68, 75, 76], adopt Judge Buchanan's Report and Recommendations [Dkt. 74], and dismiss Plaintiff's Complaint with prejudice.

An appropriate order will issue.

/s/
_____
February 14, 2017                    James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE